# <u>Exhibit 1</u>

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2482CV01009

| | |
|---|---|
| YOUNA DOSS, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| AMERICAN FAMILY CONNECT | ) |
| PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY, | ) |
|     Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND JURY DEMAND

### PRELIMINARY STATEMENT

1.      This is an action for declaratory judgment pursuant to Mass. Gen. Laws ch. 231A, § 1 *et seq.*, and Mass. R. Civ. P. 57.  The purpose of this declaratory judgment action is to determine the parties' respective rights and obligations under a homeowners insurance policy (Homeowners policy no. BH01701067) issued by American Family Connect Property and Casualty Insurance Company with respect to a Notice of Responsibility issued by the Massachusetts Department of Environmental Protection to Youna Doss.  Ms. Doss seeks a declaration that the homeowners insurance policy issued by American Family Connect Property and Casualty Insurance Company obligates it to defend and indemnify her in full for all costs and expenses incurred in responding to the Notice of Responsibility and complying with it.

### PARTIES

2.      Plaintiff, Youna Doss (the "Plaintiff"), is an individual residing in Norwood, MA.

3.      Defendant, American Family Connect Property and Casualty Insurance Company (the "Defendant"), is an insurance company organized under the laws of the State of Wisconsin,

has a principal place of business at 6000 American Parkway, Madison, WI 53783 and at all relevant times, issued homeowners insurance policies in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4.     On October 26, 2022, the Plaintiff owned the property located at 51 Westview Drive, Norwood, MA (the "Property").

5.     On October 26, 2022, the Property was improved with a single-family dwelling (the "Dwelling").

6.     A crawl space (the "Crawl Space") located below the Dwelling contained an aboveground storage tank (the "AST") associated with an oil-fired heating system.

7.     On October 26, 2022, the Plaintiff contacted Lamparelli Oil located in Canton, MA, and ordered 100 gallons of home heating oil to be delivered to the AST.

8.     Lamparelli Oil agreed to deliver the home heating oil to the AST.

9.     On October 26, 2022, Lamparelli Oil commenced delivery of home heating oil to the AST.

10.    During Lamparelli Oil's delivery of home heating oil to the AST on October 26, 2022, the AST's wall failed, and an abrupt, sudden and accidental release of home heating oil from the AST occurred (the "Release").

11.    Approximately 80 gallons of home heating oil suddenly and accidentally released from the AST into soil located in the area of the Crawl Space on October 26, 2022.

12.    On October 26, 2022, in response to the Release, Lamparelli Oil contacted the Norwood Fire Department, Boston Green Company, and William Kenney of River Hawk Environmental, LLC.

3531208.v1

13.     The Norwood Fire Department, Norwood Building Inspector and Boston Green Company responded to the Release on October 26, 2022.

14.     Boston Green Company implemented an emergency response action and installed a vapor barrier and temporary ventilation system in the basement of the Dwelling.

15.     The Norwood Fire Department placed a pool under the AST for the purpose of collecting oil releasing from the AST.

16.     Lamparelli Oil reported the Release to the Massachusetts Department of Environmental Protection ("MassDEP") and the MassDEP assigned a Release Tracking Number of 4-0029566.

17.     The MassDEP prepared a MassDEP Release Log Form dated October 27, 2022 concerning the Release.   Page 2 of the MassDEP Release Log Form dated October 27, 2022 states that a "Sudden Release" of home heating oil occurred from the AST.

18.     The MassDEP Release Log Form dated October 27, 2022 also states that Frank Lamparelli of Lamparelli Oil reported the AST failed and home heating oil released from the AST as a result of the failure.

19.     The Defendant issued Homeowners Policy No. BH01701067 to the Plaintiff.

20.     The Policy affords coverage for Damage to Property (Section I) and Personal Liability Protection Coverage (Section II).

21.     Pursuant to the Policy, and in exchange for a premium paid by the Plaintiff, the Defendant agreed to "provide the insurance described in this [P]olicy in return for your premium payment and compliance with all applicable provisions of this policy."

22.     The Policy defines certain terms and phrases contained in the Policy.

3531208.v1

23.     Under the Policy, the terms "'You' and 'your' refer to the named insured shown in the Declarations and a spouse if a resident of the same household."

24.     Youna Doss is the named insured shown in the Declarations to the Policy.

25.     The Policy defines the term "Insured" as "you . . .."

26.     The Policy defines the term "Insured Location" as "a.  The 'residence premises;' b. The part of other premises, other structures and grounds used you as a residence; and 1) Which shown in the Declarations;  . . .  c.  Any premises used by you in connection with a premises described in a. and b. above . . .."

27.     The Property is an "Insured Location" under the Policy.

28.     The Policy defines the term "Residence Premises" as the "one family dwelling where you reside . . . and which is shown as the 'residence premises' in the Declarations."

29.     The Dwelling is the "Residence Premises" under the Policy.

30.     The Policy defines the term "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in 'bodily injury' or 'property damage.'"

31.     The Policy defines the term "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminate, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycle, reconditioned or reclaimed."

32.     The Policy defines the phrase "Pollution or Contamination" as "the discharge, dispersal, release, escape or presence of: (a) Smoke, vapors, soot, fumes; (b) Acids and alkalis; (c)Toxic chemicals and substances containing toxic chemicals; (d) Liquids and gases; (e) Waste materials; or (f) Other 'pollutants,' contaminants or irritants."

4

33.    The Policy defines the term "Property Damage" as "physical injury to, destruction of or loss of use of tangible property. Property does not include punitive or exemplary damages."

34.    Under Section II – Personal Liability Protection, the Policy states, in relevant part, the following:

Personal Liability Coverage

[American Family Connect Property and Casualty Insurance Company] will pay all sums arising out of any one 'occurrence' which an 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' covered by this policy.

If a claim is made or suit is brought against the 'insured' for liability under this coverage, [American Family Connect Property and Casualty Insurance Company] will provide a defense at our expense using lawyers of our choice. [American Family Connect Property and Casualty Insurance Company] may investigate or settle any claim or suit that decide is appropriate. Our duty to settle or defense ends when our limit of liability for the 'occurrence' has been exhausted by payment of a judgment.

Exclusions
. . .
12. Pollution or Contamination

Bodily injury or property damage arising out of 'pollution or contamination.'

This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.
. . .
14.  Storage Tanks

[American Family Connect Property and Casualty Insurance Company] do[es] not cover any:

a.  'Bodily injury' which results in any manner from or 'property damage' consisting of or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);
b.  Liability imposed upon any 'insured' by any governmental authority for 'bodily injury' which results in any manner from or for 'property damage' consisting or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);

5

c. Loss, cost or expense arising out of, consisting or caused by any request, demand or order that any 'insured' test for, monitor, clean up, remove, contain, treat detoxify or neutralize or in any way respond to or assess the effects of oil, fuel oil kerosene, liquid propane or gasoline intended for or from storage tank(s);

Located at the 'insured location.'

This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.

35.     On October 26, 2022, the Plaintiff contacted the Defendant and reported the Release and requested that it open a claim.  The Defendant opened a claim.

36.     On October 27, 2022, the Defendant issued a coverage determination letter to the Plaintiff.  In the coverage determination letter, the Defendant stated "[t]his letter will acknowledge completion of our investigation into the claim you filed for pollution cleanup."  The coverage determination letter also states that the Defendant had determined that the Plaintiff's "oil tank had broken down and it allowed oil to spill out into your basement creating a need to remove and remediate contaminated soil in the basement."   The coverage determination letter further states the Defendant was denying coverage under Section I of the Policy.  The coverage determination letter did not address whether the Defendant investigated coverage under Section II of the Policy. The coverage determination letter did not state that the Defendant was reserving its rights with respect to Section II of the Policy.

37.     On October 28, 2022, the MassDEP issued a Notice of Responsibility (the "NOR") to the Plaintiff in connection with the Release.

38.     The NOR states, in part that:

**<u>Statutory Liabilities</u>**

MassDEP has reason to believe that you (as used in this letter "you" and "your" refers to Ms. Youna Doss), as the current owner of the property where the release has occurred, are a Potentially Responsible Party (PRP) with liability

under M.G.L. c. 21E, Section 5, for Response Action Costs. Section 5 makes the following parties liable to the Commonwealth of Massachusetts: current owners or operators of a site from or at which there is or has been a release/threat of release of oil or hazardous material; any person who owned or operated a site at the time hazardous material was stored or disposed of; any person who arranged for the transport, disposal, storage or treatment of hazardous material to or at a site; any person who transported hazardous material to a transport, disposal, storage or treatment site from which there is or has been a release/threat of release of such material; and any person who otherwise caused or is legally responsible for a release/threat of release of oil or hazardous material at a site.

This liability is 'strict' meaning that it is not based on fault but solely on your status as owner, operator, generator, transporter or disposer. This liability is also 'joint and several', meaning that you may be liable for all response action costs incurred at a disposal site regardless of the existence of any other liable parties. Pursuant to M.G.L c. 21E and the MCP the term disposal site means anywhere OHM has to be located.

MassDEP encourages parties with liability under M.G.L. c. 21E to take prompt and appropriate actions in response to releases and threat of release of oil and/or hazardous materials. By taking prompt action, you may significantly lower your assessment and cleanup costs and/or avoid liability for costs incurred by MassDEP in taking such action.

The MCP requires responsible parties to take necessary Response Actions at properties where there is or has been a release or threat of release of oil and/or hazardous material. If you do not take the necessary Response Actions, or fail to perform them in an appropriate and timely manner, MassDEP is authorized by M.G.L. c. 21E to have the work performed by its contractors. By taking such actions, you can avoid liability for Response Action Costs incurred by MassDEP and its contractors in performing these actions, and any sanctions, which may be imposed, for failure to perform Response Actions under the MCP.

39.     Mass. Gen. Las ch. 21E, § 1 *et seq.*, and the Massachusetts Contingency Plan ("MCP") govern the performance of the response action in connection with the Release.

40.     The MassDEP contends that the Plaintiff, as the owner of the Property, is "a party with potential liability for response action costs under Chapter 21E, § 5."

41.     The NOR ordered the Plaintiff to perform an Immediate Response Action ("IRA") in response to the Release.

42.    On October 28, 2022, the Plaintiff submitted a copy of the NOR to the Defendant.

43.    On February 17, 2023, the Plaintiff's Licensed Site Professional (the "LSP") sampled groundwater from three monitoring wells it installed.  Two wells showed elevated concentrations of VPH and EPH.  One well showed elevated levels of UCLs and EPH aliphatic and aromatics.

44.    On June 30, 2023, the LSP called and notified the MassDEP that on June 27, 2023, it measured 0.6 inches of LNAPL in a monitoring well installed near the garage on the Property and proximal to the original location of the Release.  The groundwater measurement indicated that there was a threat of offsite migration of heating oil from the Release.

45.    According to the LSP, there remains petroleum impacted groundwater on the Property and therefore, there is an ongoing threat of offsite migration of heating oil from the Release.

46.    Notwithstanding the ongoing threat of offsite migration of heating oil from the Release, the Defendant has refused to defend and indemnify the Plaintiff in full, for costs and expenses incurred in responding to and complying with the NOR.

## COUNT I
### (Declaratory Judgment)

47.    The Plaintiff incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48.    Pursuant to the Policy, and in exchange for a premium paid by the Plaintiff, the Defendant agreed to "provide the insurance described in this [P]olicy in return for your premium payment and compliance with all applicable provisions of this policy."

49.    The Policy defines certain terms and phrases contained in the Policy.

3531208.v1

50.     Under the Policy, the terms "'You' and 'your' refer to the named insured shown in the Declarations and a spouse if a resident of the same household."

51.     Youna Doss is the named insured shown in the Declarations to the Policy.

52.     The Policy defines the term "Insured" as "you . . .."

53.     The Policy defines the term "Insured Location" as "a.  The 'residence premises;' b. The part of other premises, other structures and grounds used you as a residence; and 1) Which shown in the Declarations;  . . . c.  Any premises used by you in connection with a premises described in a. and b. above . . .."

54.     The Property is an "Insured Location" under the Policy.

55.     The Policy defines the term "Residence Premises" as the "one family dwelling where you reside . . . and which is shown as the 'residence premises' in the Declarations."

56.     The Dwelling is the "Residence Premises" under the Policy.

57.     The Policy defines the term "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in 'bodily injury' or 'property damage.'"

58.     The Policy defines the term "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminate, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycle, reconditioned or reclaimed."

59.     The Policy defines the phrase "Pollution or Contamination" as "the discharge, dispersal, release, escape or presence of: (a) Smoke, vapors, soot, fumes; (b) Acids and alkalis; (c)Toxic chemicals and substances containing toxic chemicals; (d) Liquids and gases; (e) Waste materials; or (f) Other 'pollutants,' contaminants or irritants."

60. The Policy defines the term "Property Damage" as "physical injury to, destruction of or loss of use of tangible property. Property does not include punitive or exemplary damages."

61. Section II of the Policy states in relevant part, the following:

Section II – Person Liability Protection

Personal Liability Coverage

[American Family Connect Property and Casualty Insurance Company] will pay all sums arising out of any one 'occurrence' which an 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' covered by this policy.

If a claim is made or suit is brought against the 'insured' for liability under this coverage, [American Family Connect Property and Casualty Insurance Company] will provide a defense at our expense using lawyers of our choice. [American Family Connect Property and Casualty Insurance Company] may investigate or settle any claim or suit that decide is appropriate. Our duty to settle or defense ends when our limit of liability for the 'occurrence' has been exhausted by payment of a judgment.

Exclusions
. . .
12. Pollution or Contamination

Bodily injury or property damage arising out of 'pollution or contamination.'

This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.
. . .
14. Storage Tanks

[American Family Connect Property and Casualty Insurance Company] do[es] not cover any:

    a. 'Bodily injury' which results in any manner from or 'property damage' consisting of or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);

    b. Liability imposed upon any 'insured' by any governmental authority for 'bodily injury' which results in any manner from or for 'property damage' consisting or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);

    c.  Loss, cost or expense arising out of, consisting or caused by any request, demand or order that any 'insured' test for, monitor, clean up, remove, contain, treat detoxify or neutralize or in any way respond to or assess the effects of oil, fuel oil kerosene, liquid propane or gasoline intended for or from storage tank(s);

Located at the 'insured location.'

This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.

62.    Section II of the Policy obligates the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property because: (1) the NOR constitutes a "claim" or "suit" under the Policy; (2) the Plaintiff is an "insured" under the Policy; (3) the release of heating oil from the AST was sudden and accidental, as described above in ¶ 10 above; (4) the released heating oil into the soil at the Property constitutes "property damage;" (5) the released heating oil presents a threat of offsite migration; (6) the "property damage" occurred during the Policy's policy period; and (7) the MassDEP claims that the "insured" is legally liable for the response action ordered by the NOR.

63.    The Defendant has refused to defend and indemnify the Plaintiff in full, for costs and expenses incurred in responding to and complying with the NOR.

64.    The Defendant wrongfully contends that the Policy does not obligate the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property.

65.    Based on the foregoing, an actual and bona fide controversy exists between the Plaintiff and the Defendant concerning their respective rights and obligations under the Policy with the respect to the availability of Section II Personal Liability Coverage for responding to the NOR and these rights can be determined only by Declaratory Judgment.

3531208.v1

66.     The Plaintiff is entitled to a declaration that Section II of the Policy obligates the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property and the neighboring properties because: (1) the NOR constitutes a "claim" or "suit" under the Policy; (2) the Plaintiff is an "insured" under the Policy; (3) the release of heating oil from the AST was sudden and accidental, as described above in ¶ 10; (4) the released heating oil into the soil at the Property constitutes "property damage;" (5) the released heating oil presents a threat of offsite migration; (6) the "property damage" occurred during the Policy's policy period; and (7) the MassDEP claims that the "insured" is legally liable for the response action ordered by the NOR.

WHEREFORE, the Plaintiff prays that this Court declare and order (1) the Defendant is obligated to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property; (2) the Plaintiff is entitled to costs, including attorney's fees and expenses,  expended as a result of the pursuit of insurance coverage with interest, and (3) any other relief to which the Plaintiff may be entitled in which the Court deems proper.

## COUNT II
### (Breach of Contract)

67.     The Plaintiff incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

68.     Pursuant to the Policy, and in exchange for a premium paid by the Plaintiff, the Defendant agreed to "provide the insurance described in this [P]olicy in return for your premium payment and compliance with all applicable provisions of this policy."

69.     Section II of the Policy states in relevant part, the following:

Section II – Person Liability Protection

3531208.v1

Personal Liability Coverage

[American Family Connect Property and Casualty Insurance Company] will pay all sums arising out of any one 'occurrence' which an 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' covered by this policy.

If a claim is made or suit is brought against the 'insured' for liability under this coverage, [American Family Connect Property and Casualty Insurance Company] will provide a defense at our expense using lawyers of our choice. [American Family Connect Property and Casualty Insurance Company] may investigate or settle any claim or suit that decide is appropriate. Our duty to settle or defense ends when our limit of liability for the 'occurrence' has been exhausted by payment of a judgment.

Exclusions
. . .
12. Pollution or Contamination

Bodily injury or property damage arising out of 'pollution or contamination.'

This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.
. . .
14. Storage Tanks

[American Family Connect Property and Casualty Insurance Company] do[es] not cover any:

    a. 'Bodily injury' which results in any manner from or 'property damage' consisting of or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);

    b. Liability imposed upon any 'insured' by any governmental authority for 'bodily injury' which results in any manner from or for 'property damage' consisting or caused by the discharge, dispersal, release or escape of oil, fuel oil, kerosene, liquid propane or gasoline intended for or from storage tank(s);

    c. Loss, cost or expense arising out of, consisting or caused by any request, demand or order that any 'insured' test for, monitor, clean up, remove, contain, treat detoxify or neutralize or in any way respond to or assess the effects of oil, fuel oil kerosene, liquid propane or gasoline intended for or from storage tank(s);

Located at the 'insured location.'

3531208.v1

Date Filed 10/17/2024 1:54 PM
Superior Court - Norfolk
Docket Number

> This exclusion does not apply when the discharge, dispersal, release or escape is sudden and accidental.

70.    Section II of the Policy obligates the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property because: (1) the NOR constitutes a "claim" or "suit" under the Policy; (2) the Plaintiff is an "insured" under the Policy; (3) the release of heating oil from the AST was sudden and accidental; (4) the released heating oil into the soil at the Property constitutes "property damage;" (5) the released heating oil presents a threat of offsite migration; (6) the "property damage" occurred during the Policy's policy period; and (7) the MassDEP claims that the "insured" is legally liable for the response action ordered by the NOR.

71.    The Defendant has refused to defend and indemnify the Plaintiff in full, for costs and expenses incurred in responding to and complying with the NOR.

72.    The Defendant wrongfully contends that the Policy does not obligate the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property.

73.    The Plaintiff has performed all acts and satisfied all conditions under the Policy.

74.    The Defendant breached the Policy by wrongfully disclaiming coverage for all response costs and expenses incurred by the Plaintiff and forcing the Plaintiff to commence suit against the Defendant.

75.    The Plaintiff sustained damages as a direct and proximate result of the Defendant's breach of the Policy.

WHEREFORE, the Plaintiff demands that judgment enter on her behalf against the Defendant in the maximum amount allowed by law, plus interest, costs and attorneys' fees and all

3531208.v1

Date Filed 10/17/2024 1:54 PM
Superior Court - Norfolk
Docket Number

other amounts which are recoverable by law.  Furthermore, the Plaintiff demands judgment against the Defendant in an amount that will adequately compensate them for their damages and losses, together with interest and costs.

## COUNT III
### (Violation of Mass. Gen. Laws ch. 93A and Mass. Gen. Laws ch. 176D)

76.    The Plaintiff incorporates by reference paragraphs 1 through 75 above as if fully set forth herein.

77.    Section II of the Policy obligates the Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property because: (1) the NOR constitutes a "claim" or "suit" under the Policy; (2) the Plaintiff is an "insured" under the Policy; (3) the release of heating oil from the AST was sudden and accidental; (4) the released heating oil into the soil at the Property constitutes "property damage;" (5) the released heating oil presents a threat of offsite migration; (6) the "property damage" occurred during the Policy's policy period; and (7) the MassDEP claims that the "insured" is legally liable for the response action ordered by the NOR.

78.    The Defendant has refused to defend and indemnify the Plaintiff in full, for costs and expenses incurred in responding to and complying with the NOR.

79.    The Defendant willfully and knowingly violated Mass. Gen. Laws ch.176D, § 3(9), which governs unfair methods of competition and unfair and deceptive acts and practices in the business of insurance, thereby willingly and knowingly violating Mass. Gen. Laws ch. 93A.

80.    The Defendant willfully and knowingly engaged in unfair and deceptive acts, omissions and practices in violation of Mass. Gen. Laws ch. 93A, § 2 and § 9, and Mass. Gen. Laws ch. 176D, § 3(9), as a result of its failure to defend and indemnify the Plaintiff in full for all

15

costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property.

81.    The Defendant violated Mass. Gen. Laws ch. 176D, § 3(9), by refusing to pay claims without conducting a reasonable investigation based upon all available information.

82.    The Defendant violated Mass. Gen. Laws ch. 176D, § 3(9), by unfairly compelling the Plaintiff to obtain counsel and to pursue a claim and lawsuit against the Defendant in order to recover amounts due under the Policy.

83.    On September 5, 2023, the Plaintiff, by and through her attorney, sent a Chapter 93A Demand to the Defendant.   The Defendant responded to the Chapter 93A Demand on October 2, 2023.

84.    The Plaintiff sustained damages as a direct and proximate result of the Defendant's violations of Mass. Gen. Laws ch. 93A and Mass. Gen. Laws ch.176D, § 3(9).

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages, including multiple damages under Mass. Gen. Laws ch. 93A, and costs, including attorneys' fees and any other relief this Court deems appropriate.

## **DEMANDS FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.  Declare and/or Order as follows:

    a.  The Defendant to defend and indemnify the Plaintiff in full for all costs and expenses incurred in responding to and complying with the NOR and the ordered response action at the Property;

    b.  The Plaintiff is entitled to costs, including attorney's fees and expenses, expended as a result of the pursuit of insurance coverage with interest; and

3531208.v1

    c.   Any other relief to which the Plaintiff may be entitled in which the Court deems proper.

2.   Enter a judgment against the Defendant that it is legally and financially responsible for indemnifying the Plaintiff in full, for costs and expenses incurred in responding to and complying with the NOR.

3.   Award the Plaintiff compensatory damages against the Defendant in an amount equal to the damage they have incurred and will incur;

4.   Award the Plaintiff multiple damages, costs, expenses and attorney's fees under Mass. Gen. Laws ch. 93A; and

5.   Fashion such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,
The Plaintiff,
Youna Doss,

/s/ Matthew D. Rush

John A. Donovan, III, Esq., BBO # 631110
Matthew D. Rush, Esq., BBO # 669990
SLOANE AND WALSH, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA  02108
617-523-6010 (p)
617-227-0927 (f)
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

Dated:  October 17, 2024

17

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2482CV01009 | Massachusetts Trial Court Superior Court | 2 |
|---|---|---|---|

| | COUNTY | Norfolk Superior Court (Dedham) |
|---|---|---|

| Plaintiff | Youna Doss | Defendant | American Family Connect Property and Casualty Insurance Company |
|---|---|---|---|
| ADDRESS: | 51 Westview Drive, Norwood, MA 02062 | ADDRESS: | 6000 American Parkway, Madison, WI 53783 |

| Plaintiff Attorney: | John A. Donovan, III | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Sloane and Walsh LLP | ADDRESS: | |
| One Boston Place, 201 Washington Street, Suite 1600 | | | |
| Boston, MA 02108 | | | |
| BBO: | 631110 | BBO: | |
| Plaintiff Attorney: | Matthew D. Rush | Defendant Attorney: | |
| ADDRESS: | Sloane and Walsh LLP | ADDRESS: | |
| One Boston Place, 201 Washington Street, Suite 1600 | | | |
| Boston, MA 02108 | | | |
| BBO: | 669990 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D13 | Declaratory Judgment, G.L. c. 231A | A | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES    ☐ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses    _____

    2. Total doctor expenses    _____

    3. Total chiropractic expenses    _____

    4. Total physical therapy expenses    _____

    5. Total other expenses (describe below)    _____

    _____

    Subtotal (1-5):    $0.00

B. Documented lost wages and compensation to date    _____

C. Documented property damages to date    _____

D. Reasonably anticipated future medical and hospital expenses    _____

E. Reasonably anticipated lost wages    _____

F. Other documented items of damages (describe below)    $300,000.00

Remediation Expenses, attorneys fees and costs

    TOTAL (A-F):    $300,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

The Defendant breached a policy of homeowners insurance by wrongfully denying coverage under the policy and the Plaintiff has incurred damages a direct and proximate result of the breach.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | The Defendant breached a policy of homeowners insurance by wrongfully denying coverage under the policy and the Plaintiff has incurred damages a direct and proximate result of the breach. | $300,000.00 |
| | Total | $300,000.00 |

Signature of Attorney/Self-Represented Plaintiff: X  /s/ Matthew D. Rush                Date:        October 16, 2024

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  /s/ Matthew D. Rush                Date:        October 16, 2024

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

AA1 Contract Action involving Commonwealth,
   Municipality, MBTA, etc.                          (A)
AB1 Tortious Action involving Commonwealth,
   Municipality, MBTA, etc.                          (A)
AC1 Real Property Action involving
   Commonwealth, Municipality, MBTA etc.  (A)
AD1 Equity Action involving Commonwealth,
   Municipality, MBTA, etc.                          (A)
AE1 Administrative Action involving
   Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials              (F)
A02 Goods Sold and Delivered                     (F)
A03 Commercial Paper                                  (F)
A04 Employment Contract                             (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1  (F)
A06 Insurance Contract                                (F)
A08 Sale or Lease of Real Estate                  (F)
A12 Construction Dispute                             (A)
A14 Interpleader                                          (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities                                     (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc.                            (A)
BB1 Shareholder Derivative                          (A)
BB2 Securities Transactions                         (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc.    (A)
BD1 Intellectual Property                             (A)
BD2 Proprietary Information or Trade
   Secrets                                                   (A)
BG1 Financial Institutions/Funds                 (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws                                      (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an
explanation of the tracking deadlines for each track
designation: F, A, and X. On this page, the track
designation for each case type is noted in
parentheses.

†* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

‡ Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract       (A)
D02 Reach and Apply                                   (F)
D03 Injunction                                            (F)
D04 Reform/ Cancel Instrument                   (F)
D05 Equitable Replevin                                (F)
D06 Contribution or Indemnification            (F)
D07 Imposition of a Trust                            (A)
D08 Minority Shareholder's Suit                   (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                                           (A)
D11 Enforcement of Restrictive Covenant    (F)
D12 Dissolution of a Partnership                  (F)
D13 Declaratory Judgment, G.L. c. 231A     (A)
D14 Dissolution of a Corporation                 (F)
D99 Other Equity Action                              (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an
   Incarcerated Party                                   (A)
PB1 Tortious Action involving an
   Incarcerated Party                                   (A)
PC1 Real Property Action involving an
   Incarcerated Party                                   (F)
PD1 Equity Action involving an
   Incarcerated Party                                   (A)
PE1 Administrative Action involving an
   Incarcerated Party                                   (A)

### TR Torts

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage                          (F)
B04 Other Negligence - Personal
   Injury/Property  Damage                         (F)
B05 Products Liability                                 (A)
B06 Malpractice - Medical                           (A)
B07 Malpractice - Other                             (A)
B08 Wrongful Death - Non-medical             (A)
B15 Defamation                                          (A)
B19 Asbestos                                             (A)
B20 Personal Injury - Slip & Fall                  (F)
B21 Environmental                                      (F)
B22 Employment Discrimination                  (F)
BE1 Fraud, Business Torts, etc.                   (A)
B99 Other Tortious Action                          (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential             (X)
S02 Summary Process - Commercial/
   Non-residential                                       (F)

### RP Real Property

C01 Land Taking                                         (F)
C02 Zoning Appeal, G.L. c. 40A                   (F)
C03 Dispute Concerning Title                       (F)
C04 Foreclosure of a Mortgage                   (X)
C05 Condominium Lien & Charges               (X)
C99 Other Real Property Action                   (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding               (X)
E97 Prisoner Habeas Corpus                       (X)
E22 Lottery Assignment, G.L. c. 10, § 28    (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
   G.L. c. 30A                                              (X)
E03 Certiorari Action, G.L. c. 249, § 4        (X)
E05 Confirmation of Arbitration Awards       (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9       (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8       (A)
E08 Appointment of a Receiver                    (X)
E09 Construction Surety Bond, G.L. c. 149,
   §§ 29, 29A                                              (A)
E10 Summary Process Appeal                      (X)
E11 Worker's Compensation                        (X)
E16 Auto Surcharge Appeal                        (X)
E17 Civil Rights Act, G.L. c.12, § 11H         (A)
E24 Appeal from District Court
   Commitment, G.L. c.123, § 9(b)              (X)
E94 Forfeiture, G.L. c. 265, § 56                (X)
E95 Forfeiture, G.L. c. 94C, § 47               (X)
E99 Other Administrative Action                  (X)
Z01 Medical Malpractice - Tribunal only,
   G.L. c. 231, § 60B                                    (F)
Z02 Appeal Bond Denial                             (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12    (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)        (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

# STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

# A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND ACCURATELY, THE CASE MAY BE DISMISSED.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)                                    3

Docketed 12/4/2024

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT
                                               CIVIL ACTION

                                               NO. 2482CV01009

Youna Doss _____, _Plaintiff(s)_

                              v.

American Family Connect Property _Defendant(s)_
and Casualty Insurance Company

### SUMMONS

To the above-named Defendant: American Family Connect Property and Casualty
Insurance Company

You are hereby summoned and required to serve upon Matthew D. Rush, Esq.,
plaintiff's attorney, whose address is Sloane and Walsh, LLP, 201 Washington St,
Suite 1600, Boston, MA 02108
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, Michael D. Ricciuti, Esquire    }, at _____ the _____

day of _____, in the year of our Lord two thousand and _____

                                               _____ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........November 15, 2024........, 20...... , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1–5):

By First Class Mail to American Family Connect Property &
Casualty Insurance Co % Corporation Service Company at
84 State Street, Boston, MA 02109,

Dated: 11/15/2024 ,20          Stacy Siegin
                                STACY SIEGAN

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
        DEFENDANT.

RECEIVED

NOV 15 2024          , 20
DIVISION OF INSURANCE
LEGAL DIVISION

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

............................, Plaintiff

v.

............................, Defendant

SUMMONS

(Mass. R. Civ. P. 4)